[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11130
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00241-CEH-TBS-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANA OROSA PARADA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 6, 2015)

Before HULL, ROSENBAUM, and COX, Circuit Judges.

PER CURIAM:

Ana Orosa Parada appeals, challenging the district court's denial of her motion for judgment of acquittal. Parada was charged with conspiring to defraud the United States by obtaining or aiding to obtain the payment of false claims, in violation of 18 U.S.C. § 286. The jury found her guilty.

Parada concedes that a conspiracy to submit false tax returns to the government for payment existed. Parada also concedes that she cashed a number of the checks that resulted from this conspiracy. The Government concedes that Parada did not herself file any false tax returns, and that, at most, her role in the conspiracy was cashing the refund checks.

Parada presents two contentions on appeal. First, she contends that there was insufficient evidence at trial to support a conviction because the Government did not prove that she knew about the false tax returns, which were the "false claims" at issue in this case. Second, she contends that, to the extent the Government seeks to defend the conviction by arguing that her role in cashing the refund checks (rather than filing the false tax returns) could constitute a "false claim," this is not supported by the language of 18 U.S.C. § 286. We hold that there was sufficient evidence for the jury to conclude that Parada knowingly participated in a conspiracy to file false tax returns. We need not decide whether her involvement in the cashing of the refund checks alone could constitute a violation of 18 U.S.C. § 286.

2

The dispute in this appeal arises out of a disagreement over how to characterize the conspiracy in this case. The Government argues that there was one large conspiracy to receive payment for false tax returns, of which Parada was an integral part. Parada, on the other hand, argues that there were two distinct conspiracies, one to file false tax returns and another to cash the resulting refund checks. She argues that, at most, she was a member of this latter conspiracy.

The indictment, in relevant part, charged Parada with "participat[ing] in a scheme to obtain or help others to obtain payment of false claims for refunds from the IRS by cashing refund checks and stimulus checks that had been made payable to individuals as a result of fraudulently filed income tax returns." (Indictment, D.E. 1 at 3). Based on this language, we conclude that the Government charged Parada with participating in one large conspiracy, which involved both the filing of false tax returns and the cashing of the resulting refund checks.[1] We must, therefore, determine whether there was sufficient evidence to prove that she knowingly participated in this conspiracy.

"Sufficiency of the evidence is a question of law that we review de novo." *United States v. Gupta*, 463 F.3d 1182, 1193 (11th Cir. 2006). We view the evidence in the light most favorable to the verdict and draw all reasonable

---

[1] Parada makes much of the fact that the Government opposed a judgment for acquittal in the district court, at least in part, by arguing that the refund checks themselves constituted the "false claims" (rather than the false tax returns). However, this theory was not specifically alleged in the indictment. And, the court did not charge the jury on this theory. Parada does not contend that there were any errors in the jury instructions.

3

inferences and credibility choices in the verdict's favor. *United States v. Godwin*, 765 F.3d 1306, 1319–20 (11th Cir. 2014).

There was sufficient evidence from which a jury could conclude—beyond a reasonable doubt—that Parada had actual knowledge that the checks she cashed were the result of false tax returns, and, therefore, that she knowingly participated in the conspiracy. The following facts established at trial, which the jury was entitled to believe, inform this conclusion: (1) Parada received and cashed 123 checks, all of which were marked "TAX REFUND;" (2) there were a handful of addresses that were used over and over again, even though the names on the checks were different; (3) the checks were payable to people whom Parada had never met; (4) some of the checks were not endorsed when Parada received them, and the jury could infer from this that she endorsed them before cashing them; (5) Parada was a part-time tax preparer and would understand that all of this suggested the filing of false tax returns; (6) Parada charged very high fees for cashing the checks (for example, $700 for a $2725 check); (7) Parada initially gave conflicting stories to the government agent that investigated her role in cashing the checks; and (8) Parada testified that she did not know about the conspiracy, which the jury was entitled to find not credible.

Because we find that there was sufficient evidence to support a conviction, the judgment of the district court is affirmed.

4

AFFIRMED.